# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TAWAYNE ORAN LEWIS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:16-cr-00087
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## ORDER and REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion and an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF Nos. 104, 107.) Petitioner also moves for copies of his sentencing proceeding transcripts at the government's expense. (ECF Nos. 105, 106.) This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Court ("Rule 4(b)"), this Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief." If it does so appear, the motion must be dismissed. *Id*. Rule 4(b) allows for the dismissal of motions that state "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, it plainly appears that Petitioner is not entitled to relief because his claim is time-barred.

Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED**. Petitioner's request for an evidentiary hearing (ECF No. 107, at PAGE ID # 259) and Petitioner's motion for transcripts at the government's expense (ECF No. 105, 106) are **DENIED**.

**Facts and Procedural History**

On February 1, 2017, Petitioner was convicted, pursuant to a guilty plea, of two counts of theft of a firearm from a licensed federal firearms dealer in violation of 18 U.S.C. § 924(m). (ECF No. 101.) The pre-sentence investigation report ("PSIR"), prepared by the United States Probation Department Office found that Petitioner's offense level was 25 (after acceptance of responsibility) and that Petitioner's Criminal History Category was V, which corresponded to a sentencing range of 100 to 120 months under United States Sentencing Guidelines. (ECF Nos. 109, 102.) At Petitioner's sentencing hearing, the Court found that a downward departure to a total offense level of 18 was warranted, and that, when coupled with a Criminal History Category of V, corresponded to a sentencing range of 51 to 63 months. (ECF Nos. 109.) The Court sentenced Petitioner to serve a term of imprisonment of 48 months. (ECF No. 101.)

Petitioner did not directly appeal his conviction or sentence. Instead, over one year later, on May 7, 2018, Petitioner executed a document entitled "Notice of Appeal Under 2255," which was docketed as a motion to vacate under § 2255 ("Motion to Vacate"). (ECF No. 104.) The document was not signed under penalty of perjury and it does not indicate when Petitioner placed it in the prison mailing system. (*Id.*) In that document, Petitioner alleges that the Court erred by imposing a minimum mandatory sentence without making factual findings about the number of stolen firearms that could be attributed to him individually instead of the conspiracy to which he co-conspired. (*Id.*)

On May 22, 2018, Petitioner moved the Court for transcripts of his sentencing hearing at the government's expense because he needed them to "address the issues that he is going to challenge in his 2255 claim." (ECF No. 105, PAGE ID # 245. *See also* ECF No. 106.) On June 15, 2018, Petitioner signed and submitted a second motion under § 2255 to the prison mailing system ("Amended Motion to Vacate"), and again alleged that the Court erred when it failed to make factual findings about the number of stolen firearms that could be attributed to him individually before he was sentenced. (ECF No. 107.) Petitioner seeks an evidentiary hearing and to have his sentence vacated. (ECF No. 107, at PAGE ID # 259.)

## Statute of Limitations

Petitioner had 14 days to appeal his February 1, 2017, conviction. *See* Fed. App. R. 4(b)(1)(A). Because he did not file a direct appeal, Petitioner's conviction became final when that 14-day period ended on February 15, 2017. *Harris v. United States*, No. 16-3332, 2017 WL 1379472, at *2 (6th Cir. April 17, 2017) (citing *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004) ("When a federal criminal defendant does not appeal to the court of appeals, the judgment become final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed")). Pursuant to 28 U.S.C § 2255(f)(1), the one-year statute of limitations to file a motion to vacate under § 2255 began to run the next day, and it expired on February 15, 2018. Petitioner, however, executed and filed his Amended Motion to Vacate approximately four months after

3

that, on June 15, 2018.[1] (ECF. No. 104.) Consequently, Petitioner's Amended Motion is untimely under § 2255(f)(1).

A motion to vacate under § 2255 can be timely, however, if it is filed within one year of the date on which any government-created impediment to filing it is removed, 28 U.S.C. § 2255(f)(2); within one year of the date on which the asserted right was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3); or within one year of the date on which facts supporting a claim first could have been discovered through the exercise of due diligence, 28 U.S.C. § 2255(f)(4). *See Harris*, 2017 WL 1379472, at *2. Petitioner does not allege that any of these provisions apply to his motion.

Further, the petition fails to allege facts demonstrating that equitable tolling is warranted. "Equitable tolling allows courts to review time-barred habeas petitions provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Webb v. United States*, No. 14-5380, 2017 WL 655774, at *5 (6th Cir. Feb. 17, 2017), *cert. denied*, (U.S. June 26, 2017) (quoting *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012)).[2] "[The] habeas petitioner must establish: (1) that he has diligently pursued his

---

[1] Under the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270–72 (1988), a petitioner's motion to vacate is ordinarily deemed filed on the date that it is submitted to prison officials for mailing to a court. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Petitioner does not indicate when he placed his May 7, 2018, Motion to Vacate in the prison mailing system, nor did he sign it under penalty of perjury. (ECF No. 104.) Because Petitioner failed to sign the Motion to Vacate under penalty of perjury, the motion was deficient. Rule 2(b)(5), Rules Governing Section 2255 Proceedings in the United States District Courts. On the other hand, Petitioner's Amended Motion to Vacate indicates that it was placed in the prison mailing system on June 15, 2018, and it was signed that same day under penalty of perjury. (ECF No. 107.) Accordingly, the Court uses the June 15, 2018, filing date in its analysis. The Court notes, however, that even if it used the May 7, 2018, execution date for the Motion to Vacate, Petitioner's claim would still be time-barred.

[2] Equitable tolling is also available when a petitioner makes a credible claim of actual innocence on the basis of newly discovered evidence. *Phillips v. United States*, 734 F.3d 573, 581 (6th Cir.

rights; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. "Petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling." *Johnson v. United States*, 457 Fed. App'x 462, 469 (6th Cir. 2012) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). Equitable tolling is applied only sparingly. *United States v. Sferrazza*, 645 Fed. App'x 399, 408 (6th Cir. 2016) (citing *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).

Petitioner does not allege that an extraordinary circumstance prevented him from timely filing. Petitioner alleges that he never received documents that contained information from his PSIR, and that "his attorney never provided him any of the [PSIR] materials or sentencing transcripts" even though he had requested that his attorney provide those materials "for months." (ECF No. 107, at PAGE ID # 257.) The unavailability of transcripts, or the delay in receiving them generally does not, however, constitute an extraordinary circumstance that might warrant equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011) (holding that counsel's failure to turn over trial transcripts and other case-related documents and restrictions on prisoner's ability to visit the law library did not entitle petitioner to equitable tolling) (citing *Inglesias v. Davis,* No. 07-1166, 2009 WL 87574, at *2 (6th Cir. Jan. 12, 2009) (holding that the petitioner's repeated request for transcripts during twenty-six month period between finality of conviction and habeas filing plus a limited ability to speak English did not warrant the equitable tolling of AEDPA's statute of limitations)). Nor does Petitioner's alleged failure to receive the PSIR constitute an extraordinary circumstance. *United States v. Shepard*, No. 5:14 CR 145-001, 2017 WL 5256819, at * 3 (N.D. Ohio, Nov. 13, 2017) (citing *Hall*, 662

---

2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner does not allege this basis for tolling.

F.3d at 750–51). Courts have determined that lack of access to transcripts and PSIR materials are not grounds for equitable tolling because even though such materials might be helpful to petitioners, they are not necessary for petitioners to be able to file post-conviction motions or commence habeas proceedings. *Hall*, 662 F. 3d at 751; *Shepard*, 2017 WL at *3. Indeed, the fact that such items are unnecessary is illustrated by the fact that Petitioner ultimately filed his § 2255 motion to vacate without ever receiving them.

Because Petitioner's claim is time-barred, and he has failed to demonstrate that an exceptional circumstance warrants equitable tolling, the Undersigned **RECOMMENDS** that this action be dismissed.

## Request for an Evidentiary Hearing

Petitioner requests an evidentiary hearing. An evidentiary hearing is not required, however, in a § 2255 proceeding if the record conclusively establishes that a petitioner is not entitled to relief. Rule 8, Rules Governing Section 2255 Proceedings in the United States District Courts. Here, the record conclusively establishes that Petitioner is not entitled to relief because he is time-barred. *See Berry v. United States,* No. 1:08CR516, 2017 WL 4286671, at *3 (N.D. Ohio Sept. 27, 2017) (citing *United States v. Morales-Dorantes*, No. 1:07-cr-295, 2014 WL 1338159, at * 3 (W.D. Mich. Apr. 2, 2014) (holding that no hearing necessary where the files and the records conclusively showed that motion was time-barred and movant was thus not entitled to relief under § 2255)). Petitioner's request for an evidentiary hearing is **DENIED**.

## Motion for Sentencing Hearing Transcript

Petitioner has also moved for a copy of his sentencing hearing transcript at the government's expense. (ECF Nos. 105, 106.) Pursuant to 28 U.S.C. § 753(f), the government must furnish transcripts when the following three conditions are met: 1) a petitioner has

6

permission to proceed § 2255 under *in forma pauperis*; 2) a court certifies that the § 2255 motion is not frivolous; and, 3) a court finds that the transcript is needed to rule on the § 2255 motion. In this case, the Undersigned has concluded that Petitioner's § 2255 motion is without merit and recommends that this action be dismissed. The Court further concludes that a transcript is not necessary to rule on Petitioner's § 2255 motion. Consequently, Petitioner's motion for a copy of his sentencing hearing transcript at the government's expense is **DENIED**.

**Recommended Disposition**

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have a District Judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**

Date: September 10, 2018   /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge